UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

GORDON FOOD SERVICE STORE LLC
d/b/a Gordon Food Service, 5600 W Flagler St.
GFS FLAGLER STREET, LLC

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Gordon Food Service Store, LLC doing business as the Gordon Food Service store at 5600 W Flagler Street and Defendant GFS Flagler Street, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is a "tester" to determine whether places of public accommodations are in compliance with the ADA and ADAAG.

5. Defendant Gordon Food Service Store, LLC (also referenced as "Defendant GFS," "operator," lessee" or "co-Defendant") is a foreign limited liability company operating in Florida which is a subsidiary to Gordon Food Service (GFS) which is a privately held foodservice distributor based in Wyoming, Michigan serving the Midwest, Northeast, Southeast, and Southwest regions of the United States and coast-to-coast in Canada. Defendant GFS also owns and operates a chain of supermarkets called "Gordon Food Service store." Defendant GFS is the owner and operator of the Gordon Food Service store located at 5600 W Flagler Street, Miami, Florida 33134.

6. Defendant GFS Flagler Street, LLC (also referenced as "Defendant Flagler Street," "lessor," "owner," or "co-Defendant") is the owner of commercial real property located at 5600 W Flagler Street, Miami, Florida 33134, more fully identified as Folio 01-4106-046-0260. Defendant Flagler Street's commercial real property is built-out as a supermarket.

**FACTS**

7.	At all times material hereto, Defendant Flagler Street's commercial real property has been leased to co-Defendant GFS. The lessee in turn has operated its Gordon Food Service store within that leased space.

8.	The Gordon Food Service store brand is an American supermarket chain. Gordon Food Service stores sell produce, meat, seafood, baked goods, deli goods, beverages, dairy items and other grocery items. All Gordon Food Service stores are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). The Gordon Food Service store located at 5600 W Flagler Street, Miami which is the subject of this complaint is also referenced as "Gordon Food Service store at 5600 W Flagler Street," "supermarket," or "place of public accommodation."

9.	At all times material hereto, Defendant GFS was (and is) a company owning and operating supermarkets under the "Gordon Food Service store" brand which are open to the public. Each Gordon Food Service store (including the Gordon Food Service store at 5600 W Flagler Street) is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. §36.104(5).

10.	As the operator of supermarkets which are open to the public, Defendant GFS is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a supermarket; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

11.	Due to frequently being in the area to visit friends, Plaintiff visited 5600 W Flagler Street Gordon Food Service store, on October 23, 2021 Plaintiff went to that

supermarket with the intent of purchasing groceries and testing this public accommodation for compliance with the ADA and ADAAG.

12. While shopping, Plaintiff went to the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

13. Based on the access impediments Plaintiff encountered when patronizing the Gordon Food Service store, Plaintiff has been denied full and equal access by the operator of the Gordon Food Service store (Defendant GFS) and by the owner of the commercial property which houses that Gordon Food Service store (Defendant Flagler Street).

14. On information and belief, Defendant GFS owns and operates 175 Gordon Food Service stores, therefore Defendant GFS is aware of the ADA and the need to provide for equal access in all areas of its stores. Defendant GFS's failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Gordon Food Service store located at 5600 W Flagler Street is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

15. As the owner of commercial real property which is operated as a supermarket open to the public, Defendant Flagler Street is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). As an investor and owner of a commercial property being used as a public accommodation, Defendant Flagler Street is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Therefore, Defendant Flagler Street's failure to

reasonably accommodate mobility impaired and disabled patrons by insuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize and/or test the Gordon Food Service store located at 5600 W Flagler Street for compliance with the ADA/ADAAG, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendants pursuant to 42 U.S.C. §12205.

### COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA, and public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

  (iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

  42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited the Gordon Food Service store located at 5600 W Flagler Street in order to purchase groceries and/or test for compliance with the ADA/ADAAG, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met impediments to access. Therefore, Plaintiff has suffered an injury in fact.

23. Defendant GFS (operator of the Gordon Food Service store at 5600 W Flagler Street) and Defendant Flagler Street (the owner of the commercial real property housing that Gordon Food Service store) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at that place of public accommodation in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Gordon Food Service store located at 5600 W Flagler Street.

25. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. The commercial space which is owned by Defendant Flagler Street is leased to Defendant GFS who operates its Gordon Food Service store from that location. This commercial space is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and both the owner/lessor and the lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant GFS (lessee/operator) and Defendant Flagler Street (owner/lessor of the property) (jointly and severally), there are permanently designated interior spaces without proper signage, as the men's accessible restroom sign is mounted on the hinge side of the door, which is in in violation of Sections 4.1.3(16) and 4.30 of the ADAAG and Sections 216.6 and 703 of the 2010 ADA Standards for Accessible Design.

   ii. As to Defendant GFS (lessee/operator) and Defendant Flagler Street (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door without assistance, as the restroom door has a knob style door handle, which is in violation of 28 C.F.R. Part 36, Section 4.13.9 of the ADAAG, and ADA/ABA Design Compliance Code §309.4 (operable parts are to be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist and have a

        force required to activate no more than 5 pounds). This is also a violation of Section 404.2.7 of the 2010 ADA Standards for Accessible Design which states that door hardware must be operable with a closed fist or a loose grip.

iii.    As to Defendant GFS (lessee/operator) and Defendant Flagler Street (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the restroom area without assistance, as the required maneuvering clearance on the push side of the restroom entry door is not provided. The fact that the restroom entry door does not provide the required maneuvering clearance is a violation Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design.

iv.    Plaintiff also had difficulty opening the restroom door without assistance as it does not have the required clearance on the pull side of the door due to the encroaching item (trash bin). This is a violation of Section 4.13.6 of the ADAAG which states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case. This is also a violation of Section 404.2.4 of the 2010 ADA Standards for Accessible Design which states that minimum maneuvering clearances at doors and gates shall comply with (the table at) 404.2.4; in this instance, the encroaching trash bin is in violation of the minimum required maneuvering clearances. This violation applies jointly and severally to Defendant GFS (lessee/operator) and Defendant Flagler Street (owner/lessor of the property).

    v.    As to Defendant GFS (lessee/operator) and Defendant Flagler Street (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as it is missing pull handles, which is in violation of Sections 4.27.4 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards of Accessible Design, as the toilet compartment (stall) door does not provide pull handles on both sides of the door near the latch.

    vi.    Further with respect to the stall door, Plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design states that toilet compartment doors shall be self-closing. This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG. Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 states that door closers must take at least 3 seconds to move to a point of 3" from the latch. This violation applies jointly and severally to Defendant GFS (lessee/operator) and Defendant Flagler Street (owner/lessor of the property).

    vii.    As to Defendant GFS (lessee/operator) and Defendant Flagler Street (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet paper dispenser without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of Section 4.16.6 of the ADAAG and Section 604 of the 2010 Standards for Accessible Design. Section 4.16.6 states that toilet paper dispensers shall be installed within reach, as shown in Fig. 29(b). Section 604.7 states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches

   (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow. The subject toilet paper dispenser is in violation of these sections.

 viii. As to Defendant GFS (lessee/operator) and Defendant Flagler Street (owner/lessor of the property) (jointly and severally), Plaintiff could not exit the stall area without assistance, as the required maneuvering clearance on the pull side of the door is not provided due to a stall partition. This is a violation of Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

 ix. As to Defendant GFS (lessee/operator) and Defendant Flagler Street (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory sink outside the stall without assistance, as the lavatory sink faucet required tight grasping. This is a violation of Section 4.19.5 of the ADAAG which states that faucets must be within reach range, must be automatic or (if hand operated) operable with one hand without tight grasping, pinching or twisting of the wrist, and require no more than

    five pounds to activate. This is also a violation of Section 606.4 of the 2010 ADA Standards for Accessible Design which requires compliance with Section 309.4 which states that operable parts (of the sink) must be operable with one hand and not require tight grasping, pinching or twisting of the wrist, and require that the force to operate the parts be five pounds maximum.

 x. As to Defendant GFS (lessee/operator) and Defendant Flagler Street (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard at the lavatory sink because the bottom sink pipes are not wrapped. As such, proper insulation protecting users of that sink against the plumbing pipes under the sink and/or countertop is non-existent. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

 28. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the subject Gordon Food Service store accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

 29. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the supermarket therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant GFS Flagler Street, LLC (owner of the commercial property operated as a Gordon Food Service store) and Defendant Gordon Food Service Store, LLC (operator of that store) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and Gordon Food Service store located at 5600 W Flagler Street such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 8th day of November 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*